UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

       Plaintiff,

v.   **ORDER**
    Criminal File No. 17-142 (MJD/SER)

(1) MAREL CHRISHAUN-OCTAVIER JOHNSON,

       Defendant.

Andrew S. Dunne, Assistant United States Attorney, Counsel for Plaintiff.

Craig E. Cascarano, Cascarano Law Office, Counsel for Defendant.

On June 13, 2017, an Indictment was filed charging Defendant Marel Chrishaun-Octavier Johnson with Count 1: Felon in Possession of a Firearm.

On October 3, 2017, Defendant filed a Motion of the Defendant for a Pretrial Psychiatric Evaluation under 18 U.S.C. § 4241. [Docket No. 28] On October 4, Magistrate Judge Steven E. Rau granted Defendant's motion and ordered a psychiatric or psychological evaluation of Defendant's competency. [Docket No. 30]

On January 4, 2018, Forensic Psychologist Dr. Robin Watkins issued a thorough Forensic Evaluation, which was filed with the Court on January 25. [Docket No. 34]  Dr. Watkins opines that Defendant is competent.  Both the Government and Defendant agree with Dr. Watkins' conclusion and have conceded that Defendant is competent to stand trial.

Under 18 U.S.C. § 4241(a),

> At any time after the commencement of a prosecution for an offense and prior to the sentencing of the defendant, . . . the defendant . . . may file a motion for a hearing to determine the mental competency of the defendant.
>
> At a hearing ordered pursuant to this chapter the person whose mental condition is the subject of the hearing shall be represented by counsel and, if he is financially unable to obtain adequate representation, counsel shall be appointed for him pursuant to section 3006A.  The person shall be afforded an opportunity to testify, to present evidence, to subpoena witnesses on his behalf, and to confront and cross-examine witnesses who appear at the hearing.

18 U.S.C. § 4247(d).

> After conducting a competency hearing, the Court must then make findings, by a preponderance of the evidence, concerning: (1) whether the defendant is "presently suffering from a mental disease or defect;" and (2) whether the mental disease or defect "render[s] him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense."

United States v. Thomas, No. CRIM. 12-128 (MJD/JJK), 2012 WL 5995122, at *1 (D. Minn. Nov. 30, 2012) (quoting 18 U.S.C. § 4241(d)). "The burden rests with the defendant to demonstrate that he was not competent to stand trial. . . ." United States v. Denton, 434 F.3d 1104, 1112 (8th Cir. 2006).

"There are two elements to a competency finding: (1) whether the defendant has a rational as well as factual understanding of the proceedings against him, and (2) whether the defendant is able to consult with his lawyer with a reasonable degree of rational understanding." United States v. Ghane, 593 F.3d 775, 780 (8th Cir. 2010) (citation omitted).

The Court has carefully reviewed the Evaluation and the entire record in this case. The Court has also had the opportunity to observe and interact with Defendant during the hearing. When asked, Defendant expressed his agreement with the conclusion of the Evaluation that he is competent to stand trial. Based on all of the evidence, the Court finds that, by a preponderance of the evidence, Defendant has a rational as well as factual understanding of the proceedings against him, and Defendant is able to consult with his lawyer with a reasonable degree of rational understanding. Thus, the Court finds that Defendant is mentally competent to stand trial.

Accordingly, based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

Defendant Marel Chrishaun-Octavier Johnson is competent to stand trial.

Dated:  February 28, 2018          s/ Michael J. Davis
                                   Michael J. Davis
                                   United States District Court